UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **WILLIE ABERCROMBIE,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**84 LUMBER COMPANY and** )<br>**NEILL'S TRUCKING,** )<br>)<br>**Defendants.** ) | Civil Action No. CV-06-S-244-NE |

## MEMORANDUM OPINION AND ORDER

This action is before the court upon the motion to dismiss or, in the alternative, motion to stay and compel arbitration, filed by defendant 84 Lumber Company (doc. no. 6). Plaintiff alleges discrimination and harassment on the basis of his race, as well as retaliation for complaining about discrimination and harassment against defendants 84 Lumber Company and Neill's Trucking in violation of 42 U.S.C. § 1981.[1] Plaintiff further asserts pendent state law claims against defendant 84 Lumber Company for outrage and negligent or wanton retention, supervision, and training.[2]

### PART ONE

*Summary of Relevant Facts*

Plaintiff, who is an African American, is employed by defendant Neill's

---

[1] *See* doc. no. 1 (complaint).
[2] *See id.*

Trucking as a truck driver at its Madison, Alabama location. Plaintiff's duties consisted entirely of performing deliveries for 84 Lumber.[3] Neill's Trucking is an independent contractor of 84 Lumber, and their relationship is governed by a written contract entitled "Independent Contractor Hauling Agreement."[4] Both 84 Lumber and Neill's Trucking maintain control of the terms and conditions of plaintiff's employment.[5] Plaintiff alleges that, during his employment by Neill's Trucking, he was subjected to a racially hostile work environment by co-workers and supervisors at 84 Lumber.[6] Plaintiff alleges that he was subjected to racial slurs, racially derogatory comments and jokes, graffiti, threats, and racially hostile symbols including a hangman's noose.[7]

Plaintiff contends that he complained to both Neill's Trucking and 84 Lumber, but no corrective action occurred.[8] After complaining, plaintiff experienced discrimination and retaliation in the form of a change in his rate of pay and receiving incorrect payment for work.[9]

---

[3] *See* doc. no. 1 at 2 (complaint).

[4] Doc. no. 6 (motion to dismiss), Independent Contractor Hauling Agreement, attached as Exhibit A to Mitch Feldman Declaration.

[5] *See* doc. no. 1 at 2.

[6] *See id*.

[7] *See id*.

[8] *See id*. at 3.

[9] *See id*. at 3-6.

Defendant 84 Lumber moves to dismiss all allegations against it in plaintiff's complaint, arguing that plaintiff fails to state a claim upon which relief can be granted, and alternatively moves to compel arbitration.

## PART TWO

*Motion to Dismiss under Rule 12(b)(6)*

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[10] Consequently, a complaint

---

[10] With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002).

As the Eleventh Circuit observed in *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997),

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id*. at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate

should not be dismissed for failing to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.[11]  Even so, pleadings must be "something more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (*en banc*).  Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving

---

a proper decision on the merits.").

[11] *See also, e.g.*, *Hishon*, 467 U.S. at 73 (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh*, 268 F.3d at 1022 (quoting *Conley*, 355 U.S. at 45-46); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*, 355 U.S. at 45-46); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

party. *See, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J.

Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

With respect to counts one through three involving claims of harassment, discrimination, and retaliation, defendant's motion to dismiss is based upon the argument that plaintiff's § 1981 claims fail as a matter of law, because 84 Lumber's contractual relationship was with Neill's Trucking, not plaintiff. According to defendant, because plaintiff was not a party to the Independent Contractor Hauling Agreement between 84 Lumber and Neill's Trucking, he cannot identify an impaired contractual relationship under which he has rights. Plaintiff counters that he has alleged that Neill's Trucking and 84 Lumber are joint employers, and that he has an at-will employment relationship sufficient to sustain a claim against both defendants under § 1981.[12]

Neither party is entirely correct. First, the lack of a contractual relationship between plaintiff and 84 Lumber is not dispositive. All circuit courts of appeals squarely addressing the issue have held that at-will employees can pursue claims under § 1981 against their employers. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989); *Turner v. Arkansas Insurance Department*, 297 F.3d 751, 757-58 (8th Cir. 2002); *Lauture v. International Business Machines Corp.*, 216 F.3d 258, 260 (2d Cir. 2000); *Perry v. Woodard*, 199 F.3d 1126, 1133 (10th Cir. 1999); *Spriggs*

---

[12]*See* doc. no. 9 at 2 (plaintiff's response), directing the court to paragraph 9 of plaintiff's complaint.

*v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1051 (5th Cir. 1998). *Cf. Bishop v. Avera*, 177 F.3d 1233, 1235-36 & n.6 (11th Cir. 1999) (noting that no Eleventh Circuit precedent addresses the issue, and that *Patterson* arguably found that an at-will employee falls within § 1981's protection, but nonetheless finding the matter not "clearly established" for qualified immunity purposes).

Plaintiff states in his response to defendant's motion to dismiss that he "has alleged that Defendant 84 Lumber, along with Defendant Neill's Trucking, Inc., are joint employers having an at-will employment contract with Plaintiff."[13] To be precise, plaintiff alleged in his complaint that "[b]oth 84 Lumber and Neill's Trucking maintain control of the terms and conditions of Abercrombie's employment."[14] Control of the terms and conditions of employment is only one factor in determining the existence of an employment relationship, and usually the degree of control is key. More importantly, nowhere in the complaint does plaintiff allege that 84 Lumber is *his* at-will employer. Plaintiff does allege, however, that "Defendants are 'an employer' and exercise sufficient control over plaintiff's terms and conditions of employment."[15] The fact that defendants are employers is not really helpful; the issue

---

[13]Doc. no. 9 at 2.

[14]Doc. no. 1 at 2, ¶ 9.

[15]*Id*. at 3 (IV. Causes of Action, A. Count One, incorrectly numbered paragraph 1, following paragraph 17).

7

is whom do they employ?

In order to determine whether 84 Lumber can be considered a joint employer, the Eleventh Circuit considers the following:

> (1) whether or not the employment took place on the premises of the alleged employer; (2) *how much* control the alleged employer exerted on the employees; and (3) whether or not the alleged employer had the power to fire, hire, or modify the employment condition of the employees.

*Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995) (emphasis supplied). This is a fact intensive inquiry that, unfortunately, cannot be resolved on a motion to dismiss.

That being said, the court is dubious that plaintiff will satisfy the test of joint employer in this circuit. In *Morrison v. Magic Carpet Aviation,* 383 F.3d 1253 (11th Cir. 2004), the court was confronted with a plaintiff who was a pilot with Magic Carpet Aviation, a wholly owned subsidiary of Amway. Magic Carpet Aviation had a contract with RDV Sports, Inc., to fly players and staff for the Orlando Magic NBA basketball team around the country. Plaintiff attempted to sue Magic Carpet and Amway under the Family and Medical Leave Act ("FMLA"), as well as RDV Sports, under a theory that they were his joint employers. Plaintiff needed to bring RDV Sports into the lawsuit in order to sue under the FMLA, which requires an employer to have at least 50 employees. The Eleventh Circuit easily concluded that RDV Sports was not plaintiff's joint employer, noting that, while "RDV Sports, as a major

client of Magic Carpet, could undoubtedly exert significant influence over its employment decisions, it did not actually have the power to hire or fire him directly." 383 F.3d at 1255. Even the facts that RDV owned a leasehold interest in the very plane in which plaintiff flew when performing his job, required plaintiff to wear an RDV identification badge and neckties and a parka bearing the Orlando Magic insignia, and required plaintiff to attend employee orientation at RDV and listed him in RDV's staff directory as an employee, did not make RDV a joint employer. Magic Carpet's agreement with RDV Sports specified that all crew members, their assignments, and their directions would be under the exclusive control of Magic Carpet.

In the instant case, the Independent Contractor Hauling Agreement between defendants 84 Lumber and Neill's Trucking contains a paragraph that states:

> The parties intend that an Independent contractor relationship will be created by this Agreement. Contractor [*Neill's Trucking*] is and shall be at all times an independent contractor and not an employee, agent or servant of 84 or of its customers. This Agreement is not a contract of employment and it is expressly agreed by the parties that Contractor is an independent contractor and is not an employee of 84, and is not entitled to any of the benefits offered to 84 employees by reason of their employment. Contractor shall be free from the direct supervision and control of 84 in the performance of Contractor's duties hereunder. Contractor shall have full choice and discretion as to loading and securing of material on the vehicle, routes to delivery site, unloading at delivery site, manpower needed at delivery site, which approved operator to use and all other decision regarding the loading, transporting

9

and delivery of materials on his equipment.[16]

In light of the foregoing, the court encourages the parties to focus their initial discovery efforts on the issue of joint employer status, and to resolve any outstanding issues through a motion for partial summary judgment.

Defendant also argues that plaintiff fails to adequately state a claim for all state law claims pled as supplements to the claims over which this court has federal question jurisdiction (counts four through seven).  The court disagrees and denies defendant's motion to dismiss with respect to plaintiff's supplemental state law claims.

## PART THREE

*Alternative Motion to Compel Arbitration*

Defendant argues alternatively that, if plaintiff continues to maintain that he had a contractual relationship with 84 Lumber Company, the resolution of this dispute must be governed by the arbitration provision contained in the Independent Contractor Hauling Agreement.  Defendant cites *Lewis v. Haskell Co., Inc.*, 108 F. Supp.2d 1288 (M.D. Ala. 2000), as a case with virtually indistinguishable facts.  In *Lewis*, the general contractor Haskell Company ("HCo") entered into a subcontract with G&S for removal and replacement of concrete floor slabs at a construction site.

---

[16] Doc. no. 6, Exh. A, ¶ VII.C.

G&S in turn contracted with Eddie and Larry Lewis and Maurice Mims, to perform the work. The Lewises and Mims claimed that an HCo project superintendent subjected them to pervasive racial harassment and discrimination. As a result, G&S, the Lewises, and Mims refused to work at the job site and filed suit against HCo, asserting claims under both § 1981 and state law.

The subcontract between HCo and G&S contained an arbitration clause. The Lewises and Mims argued that they were not signatories to the subcontract, and thus should not be compelled to arbitrate their claims against HCo. The *Lewis* court concluded, however, that the parties were compelled to arbitrate their claims due to the "unique aspect" of the case. 108 F. Supp. 2d at 1292. The *Lewis* case was unique in that the general contract between the owner and HCo defined subcontractor to include "any employee, agent, officer, director, partner, principal, and representative of a [s]ubcontractor." 108 F. Supp. 2d at 1293. Thus, when the Lewises and Mims entered into employment with G&S, they became subcontractors along with G&S, and bound as such. The *Lewis* court further explained that

> the Lewises and Mims – by asserting claims *not against their immediate employer* but rather against the general contractor with whom their employer had a contract — are essentially placing themselves in the position of third-party beneficiaries of the subcontract between their immediate employer (G&S) and the general contractor, and again they cannot now renounce the subcontract upon which that third-party beneficiary status must be based.

108 F. Supp. 2d at 1294 (emphasis supplied).

In contrast, the plaintiff in this case *is* asserting claims against both his immediate employer and the entity with which his immediate employer entered into a contract. Further, the parties have revealed no contract language even remotely similar to that appearing in *Lewis*, whereby plaintiff would be considered a subcontractor and thus bound by an arbitration agreement between 84 Lumber and Neill's Trucking. Plaintiff was not a party to the agreement between 84 Lumber and Neill's Trucking, and is not bound by the arbitration clause contained in that agreement. Thus, the court rejects defendant's argument that plaintiff's claims are subject to arbitration.

### PART FOUR

*Conclusions and Orders*

For the foregoing reasons, defendant's motion to dismiss or, in the alternative, motion to compel arbitration is DENIED. Defendant 84 Lumber Company is ordered to file an answer on or before August 11, 2006.

DONE this 28th day of July, 2006.

/s/ Lynwood Smith
United States District Judge